# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LAMAR WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV420-014 CV419-353 |
| OFFICER PHENILLI, *et al.*, | ) ) | |
| Defendants. | ) | |

## SHOW CAUSE ORDER

Christopher Williams has multiple open cases alleging violations of his constitutional rights. *See, e.g.,* Case No. CV420-014, CV419-353. Williams was granted leave to proceed *in forma pauperis* (IFP) based upon his representation that, he had filed no other lawsuits in federal court dealing with either the facts alleged in the above cases or other facts. Williams, however, lied to this Court.

As part of his complaint—due to his status as a prisoner—plaintiff answered two questions: 1) "Have you begun other lawsuits in state or federal courts dealing with the same facts involved in this action?" and 2)

1

"While incarcerated or detained in any facility, have you brought any lawsuits in federal court which deal with facts other than those involved in this action." In both of the above captioned cases, plaintiff answered "No." However, not only is the Court aware of both of the above listed cases, Williams has also filed previously dismissed cases. Case No. CV419-126; CV419-277. Fed. R. Civ. P. Rule 11(b) "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). And Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide" by the Rules. *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir.1982).

Further, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370

U.S. 626, 630-31 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 380 F. App'x 939, 940-41 (11th Cir. June 1, 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera*, 144 F.3d 719, 731 (11th Cir.1998) (district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit").

While a prisoner's *pro se* pleading is entitled to liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court. Providing false responses to the Court's inquiries is sanctionable conduct and undermines the administration of justice. *See Morefield v. DuPree*, 2008 WL 5100926, at * 3 (S.D. Ga. Dec. 3, 2008) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history); *Gillilan v. Walker*, 2007 WL 842020, at *1 (S.D. Ga. Mar. 15, 2007) (same). It is clear that Williams attempted to mislead the Court as to his filing history. The Court could recommend dismissal of his complaints on this

basis alone, however, the Court will grant defendant one opportunity to correct these errors. Therefore, plaintiff is **DIRECTED, within fourteen days from the date of this order,** to file amended complaints in both the above captioned cases accurately detailing all of the cases he has filed in federal court under penalty of perjury. If plaintiff chooses to use his own form complaints, he should insert the phrase "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct" before his signature. 28 U.S.C. § 1746(1). Plaintiff should be aware that this includes all federal cases—not just those filed in this district. He must also separately file an affidavit in each case explaining why he answered "no" to the question of whether he had previously filed cases in federal court.[1] Failure to respond will result in a recommendation of dismissal.

**SO ORDERED** this 20th day of February, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff is reminded that liars may be prosecuted. *See United States v. Dickerson*, CR608-036, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n.2 (S.D. Ga. 2012 (collecting sanction cases).